**Dougal C. POPE, Appellant,**

v.

**H. James DARCEY, et al, Appellees.**

**No. A14–82–729CV.**

Court of Appeals of Texas,
Houston (14th Dist.).

Jan. 26, 1984.
Rehearing Denied Feb. 23, 1984.

Rudy M. Groom, Pope & Waits, Houston, for appellant.

John W. Odam, Helm, Pletcher & Hogan, Houston, Mark D. Wilson, Atkinson & Wilson, for appellees.

Before J. CURTISS BROWN, C.J., and DRAUGHN and ELLIS, JJ.

## OPINION

DRAUGHN, Justice.

Dougal Pope appeals from a judgment in favor of appellees Darcey and Weeks and appellee Parsons. The trial court held against Pope finding that he had brought a groundless Deceptive Trade Practices Act (or D.T.P.A.) suit against Darcey and Weeks, and that he improperly entered an earnest money contract with Parson's brother, who later died intestate. Pope now contends that there were various errors in the trial as to both appellees. We find no error and affirm the judgment.

Mrs. Jennie Bruno died in 1975 survived by her sister, Ruth Parsons, her brother, Louis Boekelman, Ellen Parsons Keith, Sherry Ellen Keith and Donna Ruth Keith. Her will provided that her estate be divided equally among the five above-mentioned survivors. Ruth Parsons and Ellen Parsons Keith were named co-independent executrixes and were given the power to dispose of any property without the consent of the remaining heirs.

Dougal Pope, an attorney, represented the Bruno estate until May or June of 1976, when Pope's employment was terminated. In 1978, Pope began negotiating with Louis Boekelman to purchase Boekelman's ⅕ interest in the Bruno estate. The papers finalizing those negotiations were signed on August 29, 1978.

In the interim, Parsons and Keith continued to administer the estate. The major holdings of the estate were several pieces of land. An old family friend, James Darcey, was appointed by the court to appraise the property. Darcey thereafter found a buyer for one of the holdings, 95 acres in Waller County. The buyer, James Weeks, was not able to come up with the money under the terms of the original contract. Darcey, however, knowing that Weeks was anxious to purchase the property, suggested an alternate plan. Darcey himself offered to buy 27.6 acres of the 95 acres with his commission from the sale of the remaining 67.4 to Weeks. Weeks, in turn, was able to locate a sufficient sum to buy the 67.4 acres. This arrangement was satisfactory, and the entire 95 acres was transferred to Weeks. Weeks thereupon immediately deeded the 27.6 acres to Darcey.

In November, 1978, Pope filed a Deceptive Trade Practices Act (D.T.P.A.) suit against Darcey and Weeks. He claimed that they violated the provisions of the act by their failure to disclose to Boekelman, Pope's predecessor in interest, that Darcey, a broker, was a principal in the sale of the Waller property. Darcey and Weeks responded by filing cross-actions against Pope. Executrix Parsons then intervened in this lawsuit, and urged that the trial court declare the earnest money contract between Pope and her brother, Boekelman, to be null and void ·because it violated Pope's confidential relationship with Boekelman because of Pope's prior connection with the Bruno Estate. Four months before the actual trial began, in January 1982, Pope dismissed his suit against Darcey and Weeks. Darcey and Weeks then were realigned as plaintiffs on their cross-action against Pope. They claimed that Pope brought the D.T.P.A. suit in bad faith and for purposes of harassment; therefore, they were entitled to attorney's fees. The trial court held against Pope, from which holding Pope appeals.

Before reviewing appellant's points of error on the merits, we must first consider appellees' contention that appellant Pope's brief does not comply with our briefing rules. Appellant presents thirteen "points of error." Many of the points are more properly characterized as general statements of criticism, rather than complaints of error in the trial court. Points of error are not proper for consideration if

they are merely abstract propositions of law and do not complain of any specific action in the court below. *Powell v. Powell*, 604 S.W.2d 491, 493 (Tex.Civ.App.— Dallas 1980, no writ). Rule 422 of the Texas Rules of Civil Procedure provides that the briefing rules are to be liberally construed, but where the briefing rules are violated, the court may require the case to be rebriefed. Rather than require rebriefing and additional delay, we will construe appellant's criticisms to be equivalent points of error.

In his first point of error, appellant apparently complains that the trial court erred in awarding attorney's fees to Darcey and Weeks based upon the jury's finding that the D.T.P.A. suit was brought by Pope in bad faith. Appellant claims that regardless of the bad faith issue, the Deceptive Trade Practices Act only allows such recovery if the case is actually brought to trial. Thus, he contends, his dismissal of his original suit prior to trial avoided imposition of attorney fees. We disagree. The Deceptive Trade Practices Act only requires that a suit be "brought" in bad faith for one to be liable for attorney's fees, not that it be prosecuted to its conclusion. *Cameo Constr. Co. v. Campbell*, 642 S.W.2d 10, 12 (Tex.App.—El Paso 1982, no writ). *See* Tex.Bus. & Com.Code Ann. § 17.50(c) (Vernon Supp.1982–83).

Appellant's next point entitled, "Pope's Objection to Certain Testimony Offered by Darcey and Weeks," contains a list of twenty-eight statements, unobjected to and admitted at trial. Appellant suggests that twenty-seven of the statements constituted hearsay evidence. We disagree. Even though appellant failed to timely object to these statements, we find that none of them were admitted for their truth or falsity, but rather simply to show that the statements were made. Thus, the hearsay rule does not bar this testimony. *Western Co. of N. Am. v. Grider*, 626 S.W.2d 923, 926 (Tex.App.—Fort Worth 1982, writ ref'd n.r.e.). Appellant also complains that certain statements made by Pope were incompetent as to any issue in the case; however, appellant did not object to admitting his own statements at trial. In order to preserve one's right to complain about the admission of testimony, appellant must have objected at the time the testimony was offered into evidence. *Farias v. Texas Gen. Indemnity*, 565 S.W.2d 117, 119 (Tex.Civ.App.—Corpus Christi 1978, no writ). Thus, appellant's second point of error is overruled in its entirety.

In points of error three, four, six and seven appellant contends that there was no evidence, or in the alternative, insufficient evidence, to support the jury's findings that appellant brought the D.T. P.A. suit against Darcey and Weeks in bad faith and for purposes of harassment. We find, however, there was ample evidence to support both. Appellant's major claim in the Deceptive Trade Practices suit was that Darcey and Weeks violated the provisions of the Act by their failure to disclose to Boekelman and the other Bruno estate heirs that Darcey was a principal in the sale of the Waller property. However, as a result of his work on the Bruno estate, appellant had become familiar with Jennie Bruno's will and knew that Parsons and Keith could sell this estate property without the consent of the remaining heirs. Thus, any alleged deception of Boekelman was irrelevant, which appellant, in fact, admitted at trial on cross-examination. Additionally, appellant admittedly recognized that Boekelman's death on July 16, 1979 was of significant impact. Boekelman's own testimony was the sole evidence possessed by appellant which might prove Boekelman had been deceived. This is particularly relevant because each of the other heirs indicated that Darcey and Weeks had completely disclosed their intentions to make the subsequent property transfer. When Boekelman died, appellant realized he did not have a case, yet he did not dismiss the action until January, 1982 some thirty months later. These two factors alone provided adequate information for the jury to have determined that appellant filed suit in bad faith and continued it for purposes of harassment only.

Appellant argues that the assertions contained in his original petition and his D.T.P.A. "30-day notice letter" are conclusive against Darcey and Weeks because they introduced them into evidence without any limitation thereon. This contention is without merit. A party is not conclusively bound by the introduction of his opponent's pleadings and may disprove any facts in a document he introduced. *Hackney v. Johnson*, 601 S.W.2d 523, 526–27 (Tex.Civ. App.—El Paso 1980, writ ref'd n.r.e.).

In his fifth point of error, appellant urges that the trial court erred by deciding that the lawsuit against Darcey and Weeks was groundless. In an action under § 17.-50(c) of the Deceptive Trade Practices Act, the jury must decide the issues of bad faith and harassment, while the judge determines whether the suit is groundless. *Genico Distributors, Inc. v. First Nat'l Bank of Richardson*, 616 S.W.2d 418, 420 (Tex.Civ.App.—Texarkana 1981, writ ref'd n.r.e.). Because of the evidentiary points discussed above, particularly appellant's admission that after Boekelman's death there "would be no way to make the case" and since Darcey and Parsons both testified in deposition that Boekelman had been informed of Darcey's purchase, the trial court was certainly justified in finding that the suit was groundless. Accordingly, this point of error is overruled.

Appellant complains in his eighth point of error that Darcey and Weeks were improperly awarded attorney's fees incurred after the D.T.P.A. suit was dismissed. Appellant claims that there were no pleadings to support the special issue regarding the same. We disagree. In their cross-action against appellant, Darcey and Weeks requested attorney's fees for proving that the action was groundless and brought in bad faith. Appellant's eighth point of error is thus overruled.

In his remaining points of error, appellant contends that the trial court erred in holding in favor of Executrix Parsons. He first claims that the trial judge's decision to cancel the earnest money contract between Boekelman and appellant was improper since Parsons did not first tender to appellant the money that appellant paid Boekelman for his interest. As a general rule, one seeking equity must do equity, and therefore one seeking cancellation of an instrument should offer or tender the consideration received. *Sudderth v. Howard*, 560 S.W.2d 511, 516 (Tex. Civ.App.—Amarillo 1977, writ ref'd n.r.e.). However, the court may accomplish this result by its judgment. *Id.* The trial court here ordered Parsons to pay appellant the $27,500 he paid Boekelman plus interest from the date of the earnest money contract. We therefore find that the trial court properly cancelled the contract and this point of error is thus overruled.

Appellant apparently complains in his tenth point that the trial court erred by not holding that executrix Parsons had ratified the contract between appellant and Boekelman; however, such an issue was neither requested nor submitted. Specifically, appellant contends that Parsons requested his signature on certain papers relevant to the estate, and that he also received a check from her in compensation for the sale of some estate property. Ordinarily, a defense, such as ratification, is waived if the party relying on it fails to submit an issue. Tex.R.Civ.Pro. 279. This rule applies in all cases except when the defense has been conclusively established. *Mobile Am. Sales Corp. v. Gradley*, 612 S.W.2d 625, 628 (Tex.Civ.App.—Beaumont 1980, no writ); *Lyles v. Johnson*, 585 S.W.2d 778, 783 (Tex.Civ.App.—Houston [1st Dist.] 1979, writ ref'd n.r.e.). The evidence is clear that the defense of ratification was not conclusively established. First, Parsons had not distributed the estate. Secondly, and most importantly, Parsons filed suit against appellant to have the earnest money contract declared null and void. Ordinarily, this would not even remotely be indicative of ratification by a party. Thus, since the issue was neither requested nor raised, there was no basis for the trial court to submit the issue of ratification.

In his eleventh and twelfth points of error appellant claims that there was no evidence or insufficient evidence to support the jury's finding that there was a relationship of trust and confidence between Boekelman and appellant. We disagree. In fact, appellant prepared income tax returns for Jennie Bruno for many years prior to her death; and, upon her death, he represented her estate and continued to do so until his employment was terminated in 1976. He thus was intimately familiar with her holdings and the contents and value of the estate. Additionally, appellant was dealing with an elderly man who was apparently not in complete possession of his faculties. A confidential relationship exists where one person has a special confidence in another to the extent that the parties do not deal with each other equally, either because of dominance on one side or weakness, dependence, or justifiable trust on the other. *Locke v. Thigpin*, 353 S.W.2d 249, 255 (Tex.Civ.App.—Houston 1961) (on motion for rehearing), *rev'd on other grounds*, 363 S.W.2d 247 (Tex.1962). Here there was both dominance on the part of appellant and weakness coupled with trust on the part of Boekelman. Accordingly, these points of error are overruled.

Finally, appellant submits that "the Bruno estate should be terminated and the assets distributed to the beneficiaries." Since we have already held that the trial judge properly cancelled the contract by which Pope attempted to obtain an interest in the Bruno estate, he is in no position to complain about the status of the estate. This point is thus overruled.

Accordingly, we affirm the judgment of the trial court.