ACCEPTED
14-15-00507-cv
FOURTEENTH COURT OF APPEALS
HOUSTON, TEXAS
11/18/2015 1:47:53 PM
CHRISTOPHER PRINE
CLERK

No. 14-15-00507-CV

FILED IN
14th COURT OF APPEALS
HOUSTON, TEXAS
11/18/2015 1:47:53 PM
CHRISTOPHER A. PRINE
Clerk

_____

# IN THE FOURTEENTH COURT OF APPEALS

# FOR THE STATE OF TEXAS

_____

## TRACIE JACKSON
Appellant

v.

## NATIONAL ASSOCIATION FOR THE ADVANCEMENT OF COLORED PEOPLE, D/B/A NAACP;

## NAACP HOUSTON BRANCH;

## YOLANDA SMITH
Appellees

_____

## ON APPEAL FROM THE 113ᵀᴴ DISTRICT COURT OF HARRIS COUNTY TEXAS
_____
## REPLY BRIEF OF THE APPELLANT

Tracie J. Jackson
24053020
Frye, Oaks & Benavidez
3315 Mercer St.
Houston, TX 77021
713-227-1717
713-522-2610 Fax
Traciejackson@hushmail.com

## ORAL ARGUMENT REQUESTED

# TABLE OF CONTENTS

I.    INTRODUCTION.................................................................................................1

II.   APPELLEES ACTIONS CAUSED JACKSON TO LOSE A PROPERTY RIGHT IN THE NLRB ORDER OF REINSTATEMENT.................................................................................2

III.  JACKSON HAS STANDING TO SUE ON HER BEHALF AND ON BEHALF OF THE MEMBERSHIP .......................................................................................................2

IV.   APPELLEES CONCEDE JUDICIAL INTERVENTION IS MANDATED .............................5

V.    APPELLEES CONSTITUTION AND BYLAWS CREATE A CONTRACT AND FIDUCIARY DUTIES TO ITS MEMBERS .....................................................................................6

VI.   PREEMPTION DOES NOT APPLY IN THIS CASE ..........................................................7

VII.  THE NATIONAL OFFICE HAD PRIOR KNOWLEDGE THAT SMITH WAS AN UNFIT EMPLOYEE............................................................................................................9

VIII. JACKSON SUFFICENTLY ARGUED APPELLEES VIOLATED THE TEXAS BUSINESS CODE   9

IX.   THE DEFAMTION CLAIMS ARE RIPE........................................................................10

X.    SMITH HAD A DUTY TO DISCLOSE THE PROPER SALARY TO JACKSON ....................11

XI.   CONCLUSION.......................................................................................................12

## Cases

*Associated Indem Corp. v. Cat Contracting, Inc.* 964 S.W.2d 276, 288 (Tex 1998)...................................8

*Bradford v. Vento,* 48 S.W.3d 749, 754-51 (TX 2001) ..........................................................................12

*Heckman v. Williamson County,* 369 S.W.3d 137 (Tex. 2012)...................................................................3

*Pope v. Darcey,* 667 S.W.2d 270, 275 (Tex.App.-Houston [14th Dist.] 1984)...........................................7

*Randall's Food Mkts., Inc. v. Johnson,* 891 S.W.2d 640,646 (Tex. 1995)..................................................11

*Scoville v. SpringparkHomeowner'sAss'n, Inc.,* 784 S.W.2d 498, 502 (Tex. App. Dallas 1990, writ denied) 6

*Solutioneers Consulting, Ltd. v. Gulf Greyhound Partners, Ltd.,* 237 S.W.3d 379, 385 (Tex.App.-Houston [14th Dist.] 2007, no pet.) ...............................................................................................................12

*Spoljaric v. Percival Tours, Inc.* 708 S.W.2d 432, 435 (Tex.1986) .........................................................12

*Trostle v. Trostle,* 77 S.W.3d 908, 915 (Tex.App.-Amarillo 2002, no pet.) ...............................................7

*TXI Transp. v. Hughes,* 306 S.W.3rd 230, 240 (Tex. 2010) ....................................................................10

## Statutes

NLRA....................................................................................................................................................8

Tex. Bus. Org 252.010(a) ....................................................................................................................10

## Treatises

18A Am. Jur. 2d 32. Corporations § 323 (1985) ...................................................................................6

## I.     Introduction

The NAACP, the Houston Branch and Yolanda Smith have broken the law, eroded public trust, and circumvented the constitution and bylaws. Appellees have made a mockery out of the purpose and mission of the Association, which is to create an even playing field for those who have been oppressed and subjected to discrimination.

Judicial intervention is mandated because Appellees have not followed the its constitution and bylaws which has caused injury not only to Appellant Jackson, but to the members of the Houston Branch as a whole, including the newly elected officers who were expelled from their positions and membership in the Association. Appellees have breached their fiduciary duties owed to Appellant and the membership. Appellees have defamed Appellant and other members of the Houston Branch; negligently retained the employment services of Smith despite knowledge of her unlawful activities; and Smith fraudulently failed to disclose salary information to Jackson at the beginning of her employment.

The Court must be reminded that the trial Court did not render an analysis in its' decision to grant Appellees' summary judgment motions. Appellees raise several points in their brief that are flat out erroneous and an attempt to mislead and confuse the Court. Appellees argue judicial intervention is unnecessary; Jackson claims are employment based; Jackson lacks standing to sue; or the claims are time

1

barred. Due to the nonprofit status and the importance of this organization, allowing Appellees to continue in this unlawful irresponsible behavior would be a travesty and a disservice the public in general.

## II. APPELLEES ACTIONS CAUSED JACKSON TO LOSE A PROPERTY RIGHT IN THE NLRB ORDER OF REINSTATEMENT

Appellees attempt to confuse the Court by stating Jackson is asserting employment claims. This is not true. Jackson has property and business right in the July 2012, NLRB order of reinstatement (CR 232-247, 746-747). This right was usurped by the National office's negligent retention of Smith's services. It is irrelevant and insignificant that was an at-will employee. *Id.* Questions of material fact remain, regarding whether TAJF would have in fact rescinded the BCLS grant if Smith had not been retained, thus allowing Jackson to be reinstated to her position. The Court must note TAJF did not rescind the grant until Smith was placed back into her position.

## III. JACKSON HAS STANDING TO SUE ON HER BEHALF AND ON BEHALF OF THE MEMBERSHIP

Appellees argue Jackson lacks standing to bring these claims, the claims are preempted, or that Jackson failed to appropriately raise the claims in her appellate brief. However, the amount of evidence, most of which is provided by Appellees, substantiate Jackson's claims.

2

Appellees ignore the fact that Jackson was a member of the Association and the Houston Branch during the relevant period of October 2010 until October 2011 (CR 742). Appellees erroneously argue because Jackson was not a member of the Houston Branch Executive Committee (EC), she was not injured and lacks standing to sue on behalf of the membership. Ironically, Appellees do not argue that their constitution and bylaws were followed and there were no violations.

As a member of the Houston Branch, Jackson voted for the 2011 newly elected EC members that terminated Smith's employment. Jackson was a member of the Association when the Article X complaint was filed against Smith and no action was taken on the complaint by the National office. Jackson was a member of the Association, when the officers she, and other members voted for, were unlawfully suspended and expelled for attempting to exercise their fiduciary duties to the members of the Houston Branch. The injury incurred by Jackson and all of the other Houston Branch members is *usurpation of their voting rights.*

Further, the case law cited by Appellees on this issue does not support their claims. Appellees cite *Heckman v. Williamson County,* 369 S.W.3d 137 (Tex. 2012) for the proposition that an appellant must suffer a specific injury in order to have standing. However, in that case the Texas Supreme Court did find that Heckman suffered the injury of not being informed of his right to counsel and

3

therefore had standing not only to sue on his own behalf, but also on behalf of the other defendants who had not been advised of that right. *Id.* at 159.

In its analysis, the Court stated a plaintiff's injury must be traced to the defendant's actions and must be one that can be redressed by the Court. In regard to Appellant's claims on behalf of the ousted EC members, Appellant, in addition to the other members of the Houston Branch, had their voting rights usurped, a right guaranteed to them under the Association's constitution and bylaws. This injury is directly traceable to the National office's action of expelling only the newly elected EC members, who not only reported Smith's malfeasance in office but terminated her employment based in part on that malfeasance. In essence, the expelled EC members were performing their fiduciary duties to the Houston Branch and its members and were punished for it. This injury can and should be redressed by this Court in the form of an injunction and declaratory judgment.

The National office also argues that Jackson lacks standing to bring claims that occurred prior to her membership status and employment. It is assumed that Appellee is referring to its 2006 audit of the Houston Branch CR 203-221). Again, Appellee attempts to mislead this Court. Jackson submits the findings of the 2006 audit as proof of Appellees prior knowledge of Smith's malfeasances, thus making her unfit as to serve as an executive director. This prior knowledge establishes the

basis of Appellees' fiduciary duties, to Jackson, as an employee and member and the other members of the Houston Branch.

## IV. APPELLEES CONCEDE JUDICIAL INTERVENTION IS MANDATED

Appellees concede that the actions of a volunteer association is subject to judicial intervention when the action transgress the bounds of reason and deprive a member of a valuable right or property interest (Appellees brief pg. 12). In this case Jackson, as a member lost the property right in the NLRB's order to reinstate her employment. The National office's reinstatement of Smith was the cause in fact of TJAF rescinding the grant that employed Jackson. Material questions of fact exist regarding whether the grant would have stayed if place if Smith had not been reinstated.

Likewise, the ousted EC members lost their property rights to membership and respective offices each held due to the actions of the National office. The National office effectively thwarted the newly elected EC members attempts to right the wrongs created by Smith, all against the mandates of the constitution and bylaws. Appellees failed to allow members to inspect the books of the Houston Branch as mandated by Texas law; the National office had prior knowledge of Smith's malfeasance, but ignored the warnings of the newly elected EC members regarding missing money and Smith's failure to turn documents over to the EC; Smith committed unfair labor practices against Houston Branch employees in violation of

5

federal law and the mission of the Association Appellees blatant disregard for the rules and regulations, despite the presence of unlawful activity. This is a concern that affects the public at large, as such judicial intervention is mandated.

V.     APPELLEES CONSTITUTION AND BYLAWS CREATE A CONTRACT AND FIDUCIARY DUTIES TO ITS MEMBERS

Appellees constitution and bylaws establish a contract between it, its units and its members. In considering the bylaws of non-profit organizations, Texas courts must construe the declaration and bylaws according to the general rules that apply to the construction of contracts. *Scoville v. Springpark Homeowner's Ass'n, Inc.*, 784 S.W.2d 498, 502 (Tex. App. Dallas 1990, writ denied); see also 18A Am. Jur. 2d 32. Corporations § 323 (1985). Appellant offers the following language from Appellees' constitution and bylaws as evidence of an existence of contract between Appellees and its members. "An individual can only become a member if the person agrees to abide by the rules and policies of the Association and the decisions of its elected officers and officials and by paying membership dues" (CR 120). "Members have the right to make amendment proposals to the constitution, have voting rights in the election of branch officers, and may run for office" (CR 167). In keeping with the laws of this state, it is clear that Appellee's constitution and bylaws create a contract with its members that establish benefits as a result of compliance with the rules and decisions of the officers. Those benefits include assisting the Association in enacting and enforcing state and federal laws designed to protect the

6

civil rights of American citizens to secure political, educational, social, and economic equality to said citizens (*Id.*).

Interestingly enough, Appellees do not argue that breaches of duty have not occurred, but only that Appellees did not owe an informal fiduciary duty to Jackson or its members. The cases cited by Appellees are misleading and miss the mark as these cases concern the relationships between corporations and their shareholders, not a voluntary non-profit organization. Appellees owed Jackson a duty based on her membership in the NAACP, not her employment status. Where the evidence is disputed, as it is here, the existence of an informal, *confidential relationship is a question of fact* and must proceed to a jury. *Pope v. Darcey,* 667 S.W.2d 270, 275 (Tex.App.-Houston [14th Dist.] 1984). In order to establish the existence of an informal fiduciary relationship, the record must show that one of the parties relied on the other "for moral, financial, or personal support or guidance." *Id.* at 15 citing, *Trostle v. Trostle*, 77 S.W.3d 908, 915 (Tex.App.-Amarillo 2002, no pet.). Contrary to Appellees assertions, *a confidential relationship needs to exist prior to and apart from the disagreement at issue only if a business transaction is involved. Associated Indem Corp. v. Cat Contracting, Inc.* 964 S.W.2d 276, 288 (Tex 1998). In the case at bar, there has been no business transaction between Appellees and its members. Because the facts are disputed on this issue, questions of material fact exist for a fact finder to resolve.

## VI.    PREEMPTION DOES NOT APPLY IN THIS CASE

7

Appellees assertions that Jackson's state claims are preempted by federal law are incorrect. Appellees again attempt to confuse the Court by categorizing Jackson's claims as employment based. Jackson's **NLRB** charge alleged refusal to hire based on the engagement of protected concerted activities. That activity, demanding her wages in a timely manner, **IS NOT** the basis of this lawsuit. Instead, Jackson argues she has lost her property right in the **NLRB** order of reinstatement due to Appellees negligent retention of Smith, which is also a breach of Appellees fiduciary duty to Jackson and the other members of the Houston Branch. Further, the other state claims of breach of contract, fraud by disclosure, defamation of character, and failure to allow members to inspect the books of the Houston Branch are not within the purview of the **NLRA**.

Under Appellees analysis, questions of material fact exists regarding whether Appellees actions of retaining Smith's services with the knowledge of the 2006 audit, the unfair labor practice; Smith's failure to inform Jackson that her 15 years of legal experience entitled her to a salary paying $27,000 more than what she was offered; and Smith defaming Jackson, are governed under Section 7 and 8 of the **NLRA**. The **NLRB** investigated whether Appellees refusal to rehire Jackson was based on her complaint of not being paid. Smith had not been terminated at the time Jackson filed with **NLRB**. Further, Jackson was unaware at the time of filing the charge that she had not been offered the correct salary of that Smith had defamed

8

In other words, these causes of action occurred *after* Appellees unlawfully refused to rehire Jackson.   As such, this claim must proceed to a jury.

## VII.    THE NATIONAL OFFICE HAD PRIOR KNOWLEDGE THAT SMITH WAS AN UNFIT EMPLOYEE

In regard to Jackson's negligent retention claim, again Appellees play the shell game by arguing that the 2006 audit of the Houston Branch occurred prior to Jackson's employment.  This is irrelevant.  What is relevant is that the National office knew, via the 2006 audit report that Smith was an unfit employee, so much so that Appellee made plans to force her to resign or take over the branch. Appellees owed Jackson a duty of protection against Smith.  An employer owes the duty of protection to fellow employees and to the public at large.  Further, at the time the NLRB ordered the Branch to reinstate Jackson, she was a member of the Association (CR 671)[1].  *TXI Transp. v. Hughes*, 306 S.W.3d 230, 240 (Tex. 2010).  Contrary to Appellees contentions, Jackson's damages occurred when TAJF rescinding the BCLS grant, based on Smith returning to her position, not prior to Smith's termination and her subsequent reinstatement (CR 665-666,746).  It was Smith's reinstatement that caused Jackson's injury.  Jackson has produced competent evidence for this issue to proceed to a jury.

## VIII.   JACKSON SUFFICENTLY ARGUED APPELLEES VIOLATED THE TEXAS BUSINESS CODE

---

[1] During the May 15, 2015 hearing, Appellees intentionally misled the Court by stated Jackson was not a member of the Association at the time this lawsuit was filed in 2011.  RR 30, lines 8-16.

Appellees argue that Jackson failed to sufficiently argue Appellees violation Tex. Bus. Org 252.010(a). Appellant sufficiently made this argument under the judicial intervention portion of her brief (Appellant's brief pg. 15). Appellant cited the appropriate statute, in addition to providing evidence of her 2010-2011 NAACP membership. Further, Appellant provided evidence of her request to inspect the books as a member, via an email to Smith (CR 742).

## IX.   THE DEFAMTION CLAIMS ARE RIPE

Appellees contention that Jackson's defamation per se claims are futile because Jackson lacks standing, the claims are time-barred, or the defamation was not published is without merit. Jackson has standing to sue as a member of the Association who voted for those Houston branch officers that were expelled. In regard to Jackson's defamation claim on behalf of the expelled members, who are listed in Appellant's initial brief as Stephanie Collins, D.Z. Coefield, Linda Dunson, Cari Barnes, and Glynis Gilder, the unlawful suspension and expulsion of the officers was published when the Association replaced the expelled members, without an election and without the input of the membership (CR 279). The suspension and expulsion were unlawful actions taken against the newly elected officers, who were merely attempting to protect the integrity of the Association.

In regard to the defamation claims against the Branch and Smith, Appellant alleges defamation per se pursuant to the Texas common law, as Smith's statements

10

are in reference to Jackson's employment. As such Jackson is not required to prove fault, making falsity presumed and placing the burden of proving truthfulness on Appellees. *Randall's Food Mkts., Inc. v. Johnson*, 891 S.W.2d 640, 646 (Tex. 1995). Appellees have the burden of proving these statements were not made with malice.

## X. SMITH HAD A DUTY TO DISCLOSE THE PROPER SALARY TO JACKSON

In regard to Jackson defamation claim against Smith and the branch and her claim of fraud by non-disclosure, Smith was aware of TAJF's mandates and had a duty to disclose the salary structure to Jackson as it is listed in the grant proposal that was signed by her and the then Branch president. *Bradford v. Vento*, 48 S.W.3d 749, 754-51 (TX 2001) *and Spoljaric v. Percival Tours, Inc.* 708 S.W.2d 432, 435 (Tex.1986). Under this theory, a fiduciary relationship is not necessary. *Solutioneers Consulting, Ltd. v. Gulf Greyhound Partners, Ltd.,* 237 S.W.3d 379, 385 (Tex.App.-Houston [14th Dist.] 2007, no pet.), (explaining that duty to disclose also may arise "when one party voluntarily discloses information, which gives rise to the duty to disclose the whole truth," "when one party makes a representation, which gives rise to the duty to disclose new information that the party is aware makes the earlier representation misleading or untrue," or "when one party makes a partial disclosure and conveys a false impression, which gives rise to the duty to speak"). Based on this analysis,

Appellant's claim must proceed to a fact-finder.

## XI.   CONCLUSION

Based on the foregoing and the facts, arguments and case law cited in

Appellant's initial brief, each of these causes of action should proceed to a jury.

Respectfully submitted September 30, 2015:

               Tracie Jackson

               _____/s/___Tracie Jackson__
               Tracie Jackson
               Texas Bar No: 24053020
               Frye, Oaks and Benavidez, PLLC
               3315 Mercer St.
               Houston, TX 77027
               Tel. (713)227-1717
               Attorney for Appellant Tracie Jackson

### CERTIFICATE OF SERVICE

The undersigned certifies that on this the 17th day of November, 2015, a true and correct copy of the foregoing has been forwarded via the U.S. mail to: Mr. A. John Harper II Morgan, Lewis & Bockius LLP 1000 Louisiana, Suite 4000 Houston, Texas 77002 aharper@morganlewis.com and William Van Fleet, The Hall Firm, 530 Lovett Blvd., Houston, TX 77006, Fax: 713-942-9566