A. L. CARTER LUMBER COMPANY V. MRS. REGINA MARY SAIDE.

No. 8014.  Decided February 10, 1943.
Rehearing overruled March 10, 1943.
(168 S. W., 2d Series, 629.)

*Lipscomb & Lipscomb,* of Beaumont, for petitioner.

The alleged tortious conduct, if there was such, occurred after the breach of the contract and there was therefore no basis in the evidence for an award for exemplary damages for failure to perform the agreement, either as originally drawn are as modified. It was therefore error to submit to the jury any issues involving claims for exemplary damages. Houston & T. C. Ry. Co. v. Shirley, 54 Texas 125; McCauley v. Long, 61 Texas 74; Gonzales v. Davila, 26 S. W. (2d) 719; Oklahoma Fire Ins. Co. v. Ross, 170 S. W. 1062.

*J. R. Beck,* of Beaumont, for respondent.

There being sufficient evidence showing malice, unreasonableness, willful intent to inflict injury, and a spirit of indifference as to whether injury was inflicted or not, it was not error for the court to submit the issue of exemplary damages to the jury. National Finance Co. v. Abernathy, 66 S. W. (2d) 358; Stein v. Puig, 159 S. W. (2d) 154; Burkhart v. Lieberman, 138 Texas 409, 159 S. W. (2d) 847.

MR. CHIEF JUSTICE ALEXANDER delivered the opinion of the Court.

The plaintiff recovered judgment for actual and exemplary damages for breach of contract to sell land. The judgment was affirmed by the Court of Civil Appeals. (Opinion not reported.)

According to the finding of the jury, supported by certain undisputed facts, the A. L. Carter Lumber Company in 1936 contracted to sell Joseph P. Saide, Sr., the husband of the plaintiff, a house and lot, the same to be paid for in monthly installments of $25.70, with the right on the part of the seller to declare a forfeiture for failure to meet the monthly payments. While the contract called for the payments to be made on the 7th of the month, they were, by common consent, paid and accepted on the 22nd of the month. Some time after the execution of the contract it was mutually agreed by the parties that the payments should be reduced to $10.00 a month, with the understanding that in July, 1940, the purchaser would resume payment of $25.70 per month. The purchaser failed to meet the June payment, but in July paid $10.00, which was accepted. In August two payments totalling $25.70 were made and accepted. On September 22nd the purchaser offered to pay $25.70, but seller refused to accept payment, and without any previous notice declared the contract forfeited. A few days thereafter purchaser offered to pay the balance due, but seller refused to accept same. The seller then brought a forcible entry and detainer suit, and after judgment therein in favor of the seller, the purchaser, upon notice from the sheriff, moved out of the property. The jury found that the seller waived the right to cancel or forfeit the contract for failure to make the past due payments, and that the forfeiture had been declared without previous notice to the purchaser.

Mrs. Saide had been abandoned by her husband at the time the suit was filed, and she was permitted by the court to prosecute the suit for the damages in her own name.

■ The conduct on the part of the seller in allowing the purchaser to fall behind in the payments without declaring a forfeiture, and in thereafter accepting subsequent payments, was sufficient to justify the jury in finding that the seller had waived its right to declare a forfeiture on account of the defaults that had occurred prior to September, 1940. The seller had the right under the contract to declare a forfeiture for failure to meet the payments as they fell due; but when it suffered the defaults to occur without declaring a forfeiture, and thereafter evidenced its recognition of the continuing of the contract by accepting the payment of an installment that matured at a later date, it lost the right to declare a forfeiture on account of the prior breach, in the absence of previous notice of its intention to do so, and the allowance of a reason-

able time in which to comply with the contract. Young v. Fitts, 138 Texas 136; 157 S. W. (2d) .873; Boddeker v. Olschewske, 127 Texas 598, 94 S. W. (2d) 730; Lynch Davidson v. Hudson (Tex. Civ. App.), 15 S. W. (2d) 203 (writ refused) ; 43 Tex. Jur. 350, 352. The parties, by common practice, had fixed the 22nd of the month as the time for the payment of monthly installments, and the seller could not forfeit the contract for failure of the purchaser to make the monthly payments on an earlier date in the month, without giving previous notice of an intention to do so. Consequently, there was no such default for which a forfeiture could be declared, without previous notice of intention to do so, at the time the purchaser made the tender on September 22, 1940. Under these circumstances the seller wrongfully declared a forfeiture of the contract. The trial court therefore properly allowed the plaintiff to recover the actual damages occasioned by the breach of the contract.

■ The jury found that the seller was harsh and unreasonable in its dealings with the purchaser, and that its acts in cancelling the contract were willful and oppressive, and were accompanied with malice. Based upon these findings, the trial court allowed a recovery for exemplary damages, and the Court of Civil Appeals affirmed the judgment. We are not in accord with this holding. The rule in this State is that exemplary damages cannot be recovered for a simple breach of contract, where the breach is not accompanied by a tort, even though the breach is brought about capriciously and with malice. Houston & T. C. R. R. Co. v. Shirley, 54 Texas 125; Hooks v. Fitzenrieter, 76 Texas 277, 13 S. W. 230; Oklahoma Fire Ins. Co. v. Ross (Tex. Civ. App.), 170 S. W. 1062; Consumers' Lignite Co. v. James (Tex. Civ. App.), 204 S. W. 719; Cochran v. Hall (5th Cir. Ct. App.) .8 Fed. .(2d) 985; 25 C. J. S. 716; 15 Am. Jur. 709; 13 Tex. Jur. 245; Annotation, 84 A. L. R. 1352. There was no evidence of abusive use of the extraordinary process of court, or of any other tortious conduct. Consequently, the court erred in allowing recovery of exemplary damages.

The judgments of the trial court and Court of Civil Appeals allowing a recovery of actual damages are affirmed, and the judgments allowing exemplary damages are reversed and rendered.

Opinion deliverey February 10, 1943.

Rehearing overruled March 10, 1943.