Warren CLARK et al., Appellants,

v.

Barbara SUMNER, Appellee.

No. 5870.

Court of Civil Appeals of Texas, Waco.

Dec. 15, 1977.

Henry J. Novak, Jr., Lykos, Bergner & Oberwetter, Houston, for appellant.

Vernon E. Fewell, Houston, for appellee.

Kirk R. Williams, Geary, Stahl, Koons, Rohde & Spencer, P. C., Dallas, for appellants.

Robert M. Cady, Dallas, for appellee.

McDONALD, Chief Justice.

This is an appeal by defendants Clark, et al from judgment in favor of plaintiff Sumner for $1735. actual damages and $1200. exemplary damages, in a landlord tenant case.

Plaintiff Sumner sued defendants Clark, et al alleging plaintiff leased an apartment from defendants; that defendants promised plaintiff would have the quiet use and enjoyment of the leased premises; that the manager of the apartments with intent of harassment and malice opened the door of plaintiff's apartment and intentionally allowed plaintiff's dog into the apartment; that plaintiff was not present at the apartment at the time; that the dog damaged plaintiff's property in the amount of $1735. Plaintiff sought actual and punitive damages.

Defendant answered that plaintiff had breached the lease thereby excusing any further performance by defendants, including continuing to covenant plaintiff's quiet enjoyment of her premises.

Trial was to a jury which found:

1) Defendants or their agents opened the door to plaintiff's apartment and allowed the dog to enter.

2) Plaintiff did not allow her dog to be unattended for an extended period of time.

3) Plaintiff's property was damaged by the dog in the amount of $1735.

4) Defendants or their agents acted intentionally and maliciously in allowing the dog into the apartment.

5) $1200. exemplary damages should be awarded plaintiff.

The trial court rendered judgment on the verdict for plaintiff for $2935.

Defendants appeal on 4 points contending:

1) There is no evidence that any agent of defendants let the dog into the apartment.

2) The award of exemplary damages was improper because there was no pleading or evidence of a tort which would authorize the awarding of exemplary damages.

Plaintiff leased an apartment from defendants. There is evidence that plaintiff's dog disturbed the neighbors who complained to the apartment manager. The apartment manager asked plaintiff to move. The management then cut off the electricity which controlled the heat to plaintiff's apartment. The weather was cold, and plaintiff took her children to her parents' home for the night. Plaintiff's dog was left on the patio which joins the apartment. The only exit from the patio is into the apartment. Plaintiff only had one key which was in her possession. The management had a key to the apartment. While plaintiff was absent someone let the dog into the apartment from the patio. The dog destroyed $1735. worth of plaintiff's property. There was nothing missing from the apartment which negated a burglary.

916

There was no direct evidence that defendant's agents let the dog into the apartment.

The jury found that defendants or their agents opened the door to plaintiff's apartment and allowed the dog to enter.

■ Considering the evidence in its most favorable light, considering the evidence and reasonable inferences to be drawn therefrom, we conclude the evidence ample and sufficient to support the jury's finding. *Transport Ins. Co. v. Mabra*, S.Ct., 487 S.W.2d 704.

Plaintiff plead a cause of action based on defendants' violation of the right of quiet enjoyment which is contractual in nature. Nevertheless plaintiff plead that defendants' agents did trespass into plaintiff's apartment and intentionally let the dog into the apartment from the patio.

■ Punitive damages are not recoverable in actions for breach of ordinary commercial contracts, though the breach be brought about capriciously and with malice. But punitive damages are allowable if a distinct tort is alleged and proved independent of the contract action. *McDonough v. Zamora*, CCA (San Antonio), 338 S.W.2d 507; *Crutcher-Rolfs-Cummings, Inc. v. Ballard*, CCA (Corpus Christi) NRE, 540 S.W.2d 380; *International Printing Pressman and Assistants' Union v. Smith*, 145 Tex. 399, 198 S.W.2d 729; *A. L. Carter Lumber Co. v. Saide*, 140 Tex. 523, 168 S.W.2d 629.

■ Plaintiff plead and proved an action for breach of contract, accompanied by the commission of a tort, and same was sufficient to authorize punitive damages.

All defendants' points and contentions are overruled.

AFFIRMED.