Roy TASHNEK et al., Appellants,

v.

Arthur E. TASHNEK et al., Appellees.

No. 18010.

Court of Appeals of Texas,
Houston (1st Dist.).

Nov. 19, 1981.

Iris Hefter Robinson, Hicks, Hirsch, Glover & Robinson, Houston, for appellants.

Edmund L. Cogburn, Dow, Cogburn & Friedman, Houston, for appellees.

Before EVANS, C. J., and WARREN and DUGGAN, JJ.

WARREN, Justice.

This is an appeal from that part of a judgment setting aside the jury's award of exemplary damages arising from appellees' breach of contract. Appellee urges by cross point that there was no evidence to support appellants' judgment for compensatory damages. We will affirm.

The major issue is whether appellees' pleadings and proof supported an award of exemplary damages.

Prior to October 31, 1975, appellees and appellants owned three corporations primarily engaged in real estate investments. These corporations were called the Ronart Corporation, the Lizwell Corporation and the Davland Corporation. Roy Tashnek, Arthur Tashnek and Shirley Macow are siblings and the other shareholders are their children and their mother. Disputes arose among the family members, and all of the shareholders agreed to consolidate the assets in one corporation, liquidate or distribute these assets according to the respective interests and then dissolve the successor corporation. An agreement setting forth the obligations, rights and duties of the parties to effect the dissolution was signed on October 31, 1975 and amended on November 21, 1975. After most of the dissolution was effected, appellants filed suit against appellees claiming various breaches of the agreement and seeking actual and exemplary damages for the breaches.

The jury found that appellees Arthur Tashnek and Shirley Macow breached the agreement by delaying distribution of the proceeds of dissolution from February 2, 1976, until November 1976, in failing to distribute the cash reserve being held by the successor corporation (R.L.D. Corporation), in making unauthorized payments to attorneys from the corporate account and in making or authorizing certain repairs prohibited by the contract. Additionally, the jury found that Arthur Tashnek failed to make timely distribution of the proceeds of note payments and authorized or paid legal fees to a certain firm, which payment was prohibited by the contract.

In addition to the damages assessed for each of the above-mentioned breaches, the jury assessed exemplary damages of $2,000 against Shirley Macow and $18,000 against Arthur Tashnek. The trial court granted a motion by appellees to set aside the jury's findings which awarded exemplary damages.

Appellants claim that there were pleadings and proof to support the award of exemplary damages and that the court failed to apply the proper standard which requires that only the evidence favorable to the finding be considered and that evidence unfavorable to the finding be rejected. We agree that the standard as stated is the correct one to be used when reviewing a "no evidence" point. *Campbell v. Northwestern National Life Insurance Co.*, 573 S.W.2d 496 (Tex.1978).

Before reviewing the evidence, we state these facts to place the contract, the parties and their past relations in perspective. The parents of Arthur, Shirley and Roy owned investment real estate properties before the children became involved. Their mother owned an interest at the time of the suit, as did each of their children. For some time their relationship was a good one, but in the last years before the corporation was dissolved, disputes arose on almost every

transaction or dealing. Generally, the position of Shirley and Arthur would be opposite to the position taken by Roy. Each is an experienced and affluent business person and each group received in excess of $1,000,000 from the distribution. The children and the mother were proper parties to the suit, but seemingly had little taste for it. The battle was among Arthur, Shirley and Roy.

There was sufficient evidence to show that Arthur and Shirley did not abide strictly by the agreement regarding the acts found by the jury to be breaches of the agreement. The jury's award of compensatory damages was for sums which placed appellants in the position they would have been in had there been no breach. For the failure to timely distribute funds, appellants were awarded an amount equal to the interest each would have received had distribution been timely made. As damages for making or authorizing payments to be made which were prohibited by the contract, appellants were awarded damages in an amount equal to their interests in the amount paid, which was one-third. These awards were adequate to put appellants in the position they would have occupied had the breaches not occurred.

Appellants claim that the conduct of appellees giving rise to the finding of a breach of the agreement also shows that the conduct was malicious and intentional, thus becoming a tortious breach which would authorize the jury to award exemplary damages. We disagree. Exemplary damages cannot be recovered for the simple breach of a contract even where the breach was brought about intentionally, capriciously and with malice. *A. L. Carter Co. v. Saide*, 140 Tex. 523, 168 S.W.2d 629 (1943); *City Products Corp. v. Berman*, 610 S.W.2d 446 (Tex.1980). Exemplary damages are allowable for the breach of contract only if a distinct tort is alleged and proved, independent of the contract action. *Amoco Production Company v. Alexander, et al.*, 622 S.W.2d 563 (1981); *McDonough v. Zamora*, 338 S.W.2d 507 (Tex.Civ.App.—San Antonio 1960, writ ref'd n.r.e.). Appellees'

breaches of the agreement were simple ones; whether they were committed intentionally, maliciously or with reckless disregard for the rights of appellants is immaterial. Since appellants neither alleged nor proved a distinct tort, independent of the contract action, the trial court correctly disregarded and set aside the jury's award of exemplary damages.

Appellants' remaining points of error have been considered and are without merit.

By cross point, appellees contend that, except for the reimbursement to appellants for the payment of attorney's fees prohibited by the contract, there is no evidence to support the jury's awards of damages. Appellees say that the acts complained of by appellants, such as untimely distribution of assets, were not breaches of any provisions of the agreement but were breaches by R.L.D. Corporation, and thus appellants are required to bring a stockholder's derivative suit to recover these damages, if any.

Section 3.07 of the Agreement of Dissolution states in part:

> As of the close of business on February 2, 1976, each Shareholders agree, warrants, represents, and does hereby authorize and instruct the proper officers of R–L–D Properties, Inc. to distribute as a final distribution in liquidation all remaining assets in the hands of the Corporation, including any cash, real and personal property as follows . . . .

By this section each shareholder agreed at the close of business on February 2, 1976, to distribute (assuming they were capable of such) as well as to authorize and instruct the officers of the corporation to make final distribution of the assets of R.L.D. Corporation. One who was a party to the dissolution agreement, and who was also a director or officer of the corporation charged with the responsibility of distribution on behalf of the corporation, would not be relieved of his obligation as an individual party to the dissolution agreement in absence of special circumstances not present here. In other words, appellees individually agreed to distribute or authorize the Board

of Directors to distribute the assets of R.L.D. Corporation after the close of business on February 2, 1976. Although this agreement may not be binding on a director of a corporation in his capacity as a director, it would not affect his or her liability for a breach of individual obligation.

Further, it is undisputed that Dr. Arthur Tashnek and Mrs. Shirley Macow were in control of the R.L.D. Corporation by reason of their control of two-thirds of the Board of Directors and their control of two-thirds of the stock. Any wrong doings which the jury found to have been committed were wrongs against the corporation as well as against appellants as a shareholder. Under these circumstances appellants are permitted to file and maintain a suit for damages sustained as a shareholder and individual. *Stinnett v. Paramount-Famous Lasky Corporation of New York*, 37 S.W.2d 145 (Tex.Com.App.1931).

Affirmed.