**W.F. THOMPSON, Plaintiff,**

v.

**M & B CONSTRUCTION CORPORATION and American Economy Insurance Company, Defendants,**

v.

**CITY OF DALLAS, Third-Party Defendant.**

**Civ. A. No. 3–83–0926–H.**

United States District Court, N.D. Texas, Dallas Division.

May 17, 1984.

---

Fred S. Stradley, Richard Shore, Stradley, Schmidt, Stephens & Wright, Jeffrey S. Lynch, Vial, Hamilton, Koch, Tubb & Knox, Dallas, Tex., for defendants.

Kent S. Hofmeister, Terrence Welch, Asst. City Attys., City of Dallas, Dallas, Tex., for third-party defendant.

Richard L. Arnold, Michael Sean Quinn, Robins, Zelle, Larson & Kaplan, Dallas, Tex., for plaintiff.

## ORDER

SANDERS, District Judge.

This case is before the Court on Defendant American Economy Insurance Company's ("American Economy") Motion for Partial Summary Judgment, and Brief in Support, filed March 29, 1984; and Plaintiff's Response, filed May 14, 1984. For the following reasons, the Court is of the opinion that American Economy's Motion should be GRANTED.

Plaintiff W.F. Thompson ("Thompson") brings this case against Defendants M & B Construction ("M & B") and American Economy seeking to recover property damages sustained by Thompson when a commercial building owned by him partially collapsed on or about March 1, 1982. Thompson alleges that M & B negligently caused the collapse by removing the lateral support to the building during construction of a City of Dallas water pipeline in a street close to the building. Thompson alleges that his property insurance carrier, American Economy, breached its contract of insurance subjecting American Economy to liability up to the policy limits. Thompson also alleges that American Economy breached an implied covenant of good faith and fair dealing in adjusting the loss, and Thompson seeks $500,000 in exemplary damages under this claim.

American Economy has moved for partial summary judgment pursuant to Fed.R. Civ.P. 56, asserting that Thompson's claim for exemplary damages under a bad faith/unfair dealing theory is not a cause of action under Texas law. Accordingly, American Economy asserts that there are no material fact questions and that it is entitled to judgment as a matter of law on Thompson's exemplary damages claim. As Thompson correctly points out, since American Economy has failed to make any factual showing through submission of affidavits or otherwise, the Court should evaluate American Economy's Motion as one for judgment on the pleadings. Thus, Thompson's claim for exemplary damages should survive American Economy's Motion unless, taking as fact all of Thompson's allegations, Thompson has not pleaded a claim for which relief could be granted.

### Thompson's Allegation

Paragraph 17 of Thompson's Complaint states:

In denying liability under its Policy No. TMP–286–617, Defendant American Economy breached its duty to Plaintiff Thompson to deal fairly and in good faith by failing to fully investigate the loss prior to denial.

The Texas Supreme Court has recently held that exemplary damages are not allowed for breach of contract. *Amoco Pro-*

*duction Co. v. Alexander*, 622 S.W.2d 563, 571 (Tex.1981); *A.L. Carter Lumber Co. v. Saide*, 140 Tex. 523, 168 S.W.2d 629, 631 (1943). Even if American Economy's breach is alleged to be malicious, intentional or capricious, exemplary damages are not recoverable unless a distinct tort is alleged. *Amoco Production Co. v. Alexander*, 622 S.W.2d at 571; *City Products Corp. v. Berman*, 610 S.W.2d 446, 450 (Tex.1980); *A.L. Carter Lumber Co. v. Saide*, 140 Tex. 523, 168 S.W.2d 629 at 631.

Thus, Thompson may not recover exemplary damages for breach of contract. However, Thompson has specifically pleaded that American Economy breached its duty to deal fairly and in good faith arising from its contract with Thompson. As recently as last year, the Texas Supreme Court rejected the notion that all contracts in Texas have an implied duty of good faith and fair dealing. *English v. Fischer*, 660 S.W.2d 521, 522 (Tex.1983). *English v. Fischer* involved a suit by a homeowner against the mortgagee for failure to turn over the proceeds of a fire insurance policy in order to aid the homeowner in rebuilding after the fire. The Texas Supreme Court in *Fischer* stated:

> A basis for the judgments below was the adoption of a novel theory of law enunciated only by California courts. That theory holds that in every contract there is an implied covenant that neither party will do anything which injures the right of the other party to receive the benefits of the agreement. The courts below call this a covenant of "good faith and fair dealing".
>
> This concept is contrary to our well-reasoned and long-established adversary system which has served us ably in Texas for almost 150 years. Our system permits parties who have a dispute over a contract to present their case to an impartial tribunal for a determination of the agreement as made by the parties and embodied in the contract itself. To adopt the laudatory sounding theory of "good faith and fair dealing" would place a party under the onerous threat of treble damages should he seek to compel his adversary to perform according to the contract terms as agreed upon by the parties. The novel concept advocated by the courts below would abolish our system of government according to settled rules of law and let each case be decided upon what might seem "fair and in good faith", by each fact finder. This we are unwilling to do.

In a concurring opinion, Justice Spears stated that while he agreed an implied duty of good faith and fair dealing did not apply to the facts in the *Fischer* case, he pointed out several cases in which Texas courts have recognized an implied duty of good faith and fair dealing in contractual dealings. *See cases cited in English v. Fischer*, 660 S.W.2d at 524 (Spears, J., concurring).

However, as Justice Spears acknowledged, the "common thread among cases in which courts have [read a duty of good faith and fair dealing into contractual transactions] is a special relationship between the parties to the contract. That special relationship either arises from the element of trust ..., or has been imposed by the courts because of an imbalance of bargaining power." The Court is of the opinion that even were Justice Spears' comments binding precedent in Texas, no such relationship is alleged in this case to support the adoption of an implied good faith/fair dealing tort.

Thompson contends that *English v. Fischer* rejects only the California version of a good faith and fair dealing tort in contractual relations. Thompson also points out that *English v. Fischer* facts are somewhat different from this case. However, this Court cannot, especially in the face of the clear and recent rejection of a general good faith and fair dealing cause of action by the Texas Supreme Court, anticipate Texas courts' adoption of such a cause of action as it relates to this proceeding. Thompson has not presented the Court with authoritative precedent recognizing such a cause of action under the circumstances involved in his claims. And, while *English v. Fischer* does not strictly

bind the Court, it remains the best authority available for interpreting Thompson's claims.

There appears to be no basis under Texas law for Thompson's claim for exemplary damages based on an implied duty of good faith and fair dealing in American Economy's insurance policy. Accordingly, American Economy's Motion is hereby GRANTED, and Thompson's claim for exemplary damages for breach of a duty of good faith and fair dealing under the American Economy insurance policy is hereby DISMISSED.

SO ORDERED.