**JIM WALTERS HOMES, INC., Appellant,**

v.

**Ray REED and Rhonda Reed, Appellees,**

No. 13–84–138–CV.

Court of Appeals of Texas, Corpus Christi.

June 13, 1985.

Appellant's Rehearing Denied Sept. 5, 1985.

Appellee's Rehearing Dismissed Sept. 5, 1985.

Mike Mills, Atlas & Hall, McAllen, for appellant.

F.I. Gandy, Jr., Corpus Christi, for appellees.

Before KENNEDY, UTTER and KEITH[1], JJ.

## OPINION

KENNEDY, Justice.

This is an action brought by appellees against appellant for violations of the Deceptive Trade Practice Act (DTPA), TEX. BUS. & COMM.CODE ANN. § 17.50 et seq. (Vernon Supp.1985) for misrepresentations regarding a contract for the sale and construction of a house, for breach of contract, for breach of express and implied warranties and for gross negligence in the supervision of the construction of the house.

This action was tried in October 1983. In its verdict, the jury found that appellant

1. Associate Justice, Court of Appeals, Ninth Supreme Judicial District (Ret.), sitting by designation. See, TEX.REV.CIV.STAT.ANN. art. 1812 (Vernon Supp.1985).

violated the DTPA, that appellant breached the express warranty of good workmanship in the contract and that appellant was grossly negligent with respect to the supervision of the construction of the house. The jury awarded $11,884 in actual damages, $32,000 in "additional" damages under the DTPA, $500,000 in exemplary damages and attorney's fees. The trial court rendered judgment on this verdict awarding actual and exemplary damages and attorney's fees but not "additional" damages under the DTPA. Upon appellant's Motion for New Trial, the trial court ordered a reduction of the exemplary damages in the amount of $50,000. The appellees agreed to the remittitur. Appellant's Motion for New Trial was overruled. Appellant brings this appeal complaining in nine points of error of the exemplary damages. Appellant does not complain of the actual damages or attorney's fees. Appellees bring seven cross-points. We modify the judgment and, as modified, affirm the judgment of the trial court.

Appellant, by his first four points of error, complains that the trial court erred in submitting issues on gross negligence and exemplary damages and awarding exemplary damages because (1) exemplary damages may not be recovered for breach of contract or breach of warranty, (2) the actions of defendant lacked the required tort aspects as a predicate to an award of exemplary damages, (3) there was no evidence of negligence and (4) there was insufficient evidence to support an issue on gross negligence.

■ Appellant, under these points of error, asserts that appellees' action in the trial court "sounded in warranty and contract, and not in the tort of negligence." The general rule is that exemplary damages cannot be recovered in an action for breach of contract or breach of warranty which is not accompanied by a tort. *A.L. Carter Lumber Co. v. Saide*, 140 Tex. 523, 168 S.W.2d 629, 631 (1943); *Canon U.S.A. v. Carson Map Co.*, 647 S.W.2d 321, 323 (Tex.App.—Corpus Christi 1983, no writ). Appellant urges that exemplary damages

may not be recovered in a breach of contract action. We have carefully examined all of the authority cited by appellant and find those cases distinguishable in that in each of them it was held that no separate tort was alleged and proved at the trial. *See Amoco Production Co. v. Alexander*, 622 S.W.2d 563, 571 (Tex.1981); *A.L. Carter Lumber Co. v. Saide*, 140 Tex. 523, 168 S.W.2d 629, 631 (1943); *Superior Trucks, Inc. v. Allen*, 664 S.W.2d 136, 141 (Tex. App.—Houston [1st Dist.] 1983, writ ref'd n.r.e.); *Cannon U.S.A. v. Carson Map Co., Inc.*, 647 S.W.2d 321, 323 (Tex.App.—Corpus Christi 1982, no writ); *William B. Roberts, Inc. v. McDrilling Co., Inc.*, 579 S.W.2d 335, 340 (Tex.Civ.App.—Corpus Christi 1979, no writ).

We believe, however, that the analysis provided in the *Superior Trucks* case is correct. Under *Superior Trucks*, exemplary damages may be recovered when the plaintiff pleads, proves, and obtains a favorable finding on each of the elements of a tort. Therefore, in order to prevail on a negligence theory, appellee must have plead, proved and secured a favorable finding on the following elements:

1. that appellant had a duty to appellee;
2. that that duty was breached;
3. that the breach was a proximate cause of injury to appellee; and
4. damages

*Producers Grain Corp. v. Lindsay*, 603 S.W.2d 326, (Tex.Civ.App.—Amarillo 1980, no writ); *Harrison v. Harrison*, 597 S.W.2d 477 (Tex.Civ.App.—Tyler 1980, writ ref'd n.r.e.).

We have examined the pleadings and find that they are sufficient to support an action in negligence. Breach of duty, proximate cause and damage issues are not disputed by appellant.

■ Appellant in its brief asserts: "Any obligation to supervise the construction of the house in question was part and parcel of the contract to construct that house and the warrantees (sic) pursuant thereto." However, this is a misstatement of the law in the State of Texas. It has long been the

law that a party to a contract owes a common-law duty to perform with care, skill, reasonable expedience and faithfulness, the thing agreed to be done; and a negligent failure to observe any of these conditions is a tort as well as a breach of contract. *Montgomery Ward & Co. v. Scharrenbeck*, 146 Tex. 153, 204 S.W.2d 508 (1947). In *Texas Industries v. Lucas*, 634 S.W.2d 748, 755 (Tex.App.—Houston [14th Dist] 1982), *rev'd on other grounds*, 27 S.Ct.J. 491 (July 14, 1984), it was held that there was a contractual duty to build the subject matter "in the manner called for by the plans" and that in connection with that contract there was a "duty to exercise ordinary care in the construction called for and to do the work in a good and workmanlike manner." Likewise, we find today that the common-law duty to perform the contract with care and skill encompasses the duty to adequately supervise the construction of the house.

In the case before us today, the jury found in response to special issue fourteen that appellant "was grossly negligent with respect to the supervision of the construction of the house in question, and ... such gross negligence (was) a proximate cause of the defects occurring in the house in question." "Gross negligence" was defined as "that entire want of care which would raise the belief that the act or omission complained of was the result of a conscious indifference to the right or welfare of the person or persons to be effected (sic) by it." In response to special issue eleven, the jury found actual damages in the amount of $11,857. Therefore, the elements of gross negligence were properly submitted to the jury.

The evidence in this case showed that appellant contracted with appellees to build a house on their land. Shortly after the concrete pier foundation was installed and during the framing of the house, appellees complained to appellant about the quality of the concrete. The concrete was crum-

bling and could easily be broken off.[2] Appellant's employees assured appellees that there was no problem, that the concrete had been tested and was good quality concrete. Appellees later found that there had been no tests run on the concrete and eventually had the tests done themselves. The tests showed that the strength of the concrete was significantly below the 2,500 psi required by the specifications. Appellees' expert witness testified that the foundation was inadequate and did not meet the specifications or the code, that the foundation needed to be replaced and that the foundation constituted poor workmanship.

The appellees also complained of the framing lumber used throughout the house. Appellees' expert testified that both the quality of the lumber and the installation thereof were inadequate and constituted poor workmanship. There were numerous other complaints concerning the materials and workmanship.[3] Appellees' expert testified that the poor quality of the foundation, framing and other deficiencies in the house were caused by a lack of supervision amounting to gross negligence.

■ Appellant's representative, Kenneth Bufford, testified that he was responsible for the construction of appellees' house, that appellant does not have a training program for construction crews, that the foundation was inadequate, that the concrete was bad, that there were problems with the framing and that a supervisor should catch problems like these. Appellant's representative further testified that the foundation needed to be replaced, that correction should be made to the framing and that a number of other defects should be corrected. We believe this is sufficient evidence to support the submission of a jury issue on negligence.

Appellant's first, second, third and fourth points of error are overruled.

2. Appellees introduced numerous photographs of the foundation. Words cannot describe the inadequacies shown therein.

3. Once again, there was extensive photographic evidence clearly showing the inadequacies of the construction.

Appellant, by its fifth point of error complains that the trial court erred in submitting an issue on exemplary damages because the appellees did not request a special issue inquiring whether the acts in question were committed, authorized or ratified by a vice principal or that the appellant recklessly employed any agent.

■ Appellant is a corporation. Exemplary damages may be recovered against a corporate defendant only when it is shown that an agent who acted with malice is something more than a mere servant, or that a malicious act of a servant was previously authorized, subsequently adopted or ratified by the corporation, or that the corporation could reasonably have anticipated a servant's malicious acts. *Ledisco Financial Services, Inc. v. Viracola*, 533 S.W.2d 951 (Tex.Civ.App.—Texarkana 1976, no writ).

■ The appellant complains that appellee "wholly failed to submit any issues to the Court inquiring into any of the aforesaid circumstances"; therefore, appellant concludes, the issue was waived. However, TEX.R.CIV.P. 279 provides in part:

Upon appeal all independent grounds of recovery or of defense not conclusively established under the evidence and upon which no issue is given or requested shall be deemed as waived; but where such ground of recovery or of defense consists of more than one issue, if one or more of the issues necessary to sustain such ground of recovery or of defense, and necessarily referable thereto, are submitted to and answered by the jury, and one or more of such issues are omitted without such request, or objection, and there is evidence to support a finding thereon, the trial court, at the request of either party, may after notice and hearing and at any time before the judgment is rendered, make and file written findings on such omitted issue or issues in support of the judgment, but if no such written findings are made, such omitted issue or issues shall be deemed as found by the court in such manner as to support the judgment.

Therefore, since other related elements were submitted to the jury, the element not submitted is not waived, rather on the authority of Rule 279, the parties on appeal are considered to have waived a jury trial on the element not submitted and to have submitted it to the court for resolution. *First State Bank, Morton v. Chesshir*, 634 S.W.2d 742 (Tex.App.—Amarillo 1982, writ ref'd n.r.e.). The rule provides that the trial court shall be deemed to have decided the omitted factual inquiry in such manner as to support the judgment rendered. *LaChance v. McKown*, 649 S.W.2d 658 (Tex. App.—1983, writ ref'd n.r.e.).

■ Even if the submission of the issues relating to corporate liability to the jury was waived under Rule 279, we would find that corporate liability had been established as a matter of law and that submission to the jury was unnecessary. Tex.R. Civ.P. 279. *See Pope v. Darcey*, 667 S.W.2d 270 (Tex.Civ.App.—Houston [14th Dist] 1984, writ ref'd n.r.e.). The testimony of appellant's representative summarized above is sufficient to show the negligent supervision of the house. In addition, Mr. Bufford testified that he was the assistant regional manager for appellant, that his office was in Houston, that Corpus Christi was under his jurisdiction and that he was responsible for the construction of the appellee's house. The acts of an agent to whom the corporation has confided management of a department or division of his business may impose corporate liability for exemplary damages. *Missouri Pacific R.R. Co. v. Dawson*, 662 S.W.2d 740 (Tex. App.—Corpus Christi 1983, writ ref'd n.r. e.). Appellant's fifth point of error is overruled.

Appellant, by its sixth through ninth points of error, complains of the amount of exemplary damages in that (6) the $500,000 originally awarded was excessive, (7) the $50,000 remittitur was insufficient, (8) there was no evidence, or (9) insufficient evidence to support the jury award.

Appellant argues that the award of exemplary damages is excessive both in abso-

lute terms and in terms of the ratio of exemplary damages to actual damages. Before the trial court ordered remittitur, the ratio was approximately 42 to 1.

 Exemplary damages must be reasonably proportional to actual damages. *Southwestern Investment Co. v. Neeley,* 452 S.W.2d 705 (Tex.1970). However, there can be no set rule or ratio between the amount of actual and exemplary damages which will be considered reasonable. *Alamo National Bank v. Kraus,* 616 S.W.2d 908 (Tex.1981). Factors to be considered in determining whether an award of exemplary damages is reasonable include (1) the nature of the wrong, (2) the character of the conduct involved, (3) the degree of culpability of the wrongdoer, (4) the situation and sensibilities of the parties concerned and (5) the extent to which such conduct offends a public sense of justice and propriety. *Kraus,* 616 S.W.2d at 910.

 As a general rule, the finding of a jury will not be disturbed on grounds of excessiveness if there is any probative evidence to sustain the award. *International Armament Corp. v. King,* 674 S.W.2d 413 (Tex.App.—Corpus Christi 1984) *affirmed* 686 S.W.2d 595; *Texas Construction Service Co. of Austin, Inc. v. Allen,* 635 S.W.2d 810 (Tex.App.—Corpus Christi 1982, writ ref'd n.r.e.). We will not substitute our judgment for that of the jury unless the record indicates the jury was influenced by passion, prejudice or improper motive. *International Armament Corp.,* 674 S.W.2d at 419. *Armellini Express Lines of Florida, Inc. v. Ansley,* 605 S.W.2d 297 (Tex.Civ.App.—Corpus Christi 1980, writ ref'd n.r.e.). Only if, after review of the evidence, we find the award is so excessive as to shock our conscience will we grant a remittitur. *International Armament Corp.,* 674 S.W.2d at 419. We find the jury award not tainted by any passion, prejudice or improper motive; however, we find it so high as to shock our conscience.

Evidence was presented to show that appellant had repeatedly built, upon the property of its customers, homes constructed of extremely poor quality with many of the same defects as existed in appellees' home. The six defective houses presented to the jury were all completed before appellees' home was begun. Evidence was presented that appellant assured appellees that the construction of their home would be of the highest quality.

Although this conduct is reprehensible, we do not believe that it is of a character that warrants an award of exemplary damages in this amount. It must be remembered that this was not a tort which resulted in a death or serious injury. The injury was to property.

Appellant's sixth through ninth points of error are sustained and a remittitur of an additional $225,000 is ordered.

Appellees, by their first through fifth cross-points complain that the trial court erred in excluding certain evidence. Since all special issues were answered in favor of appellees, and they have received a substantial monetary award from the jury, we fail to see that appellees were harmed. Tex.R.Civ.P. 434. *See Anbeck Co. v. Zapata Corp.,* 641 S.W.2d 608 (Tex.App.—Houston [14th Dist] 1982, writ ref'd n.r.e.); *Gonzalez v. Layton,* 429 S.W.2d 215 (Tex.Civ.App.—Corpus Christi 1968, no writ).

Appellees' first through fifth cross-points are overruled.

Appellees, by their sixth and seventh cross-points complain that the trial court erred in failing to award damages under the DTPA.

As noted above, the jury awarded $11,857 in actual damages, $32,000 in "additional" damages under the DTPA and $500,000 in exemplary damages. After remittitur, the trial court awarded actual damages and $450,000 in exemplary damages, but no DTPA damages. In a recent Supreme Court case, it was held that recovery under the DTPA is, as a general rule, cumulative of other remedies. *Kish v. Note,* 692 S.W.2d 463 (Tex.1985).

The parties raise the issue of the proper calculation of damages under the DTPA. The maximum award is properly calculated as follows:

(1) Three times the first $1,000 of actual damages; plus $ 3,000

(2) "additional" damages of three times the amount of actual damages in excess of $1,000 $35,261

*Jim Walters Homes, Inc. v. Valencia,* 28 S.C.J. 367 No. C–3608 (April 20, 1985). However, in this case, the jury awarded less than the maximum "additional" damages; therefore, we find that the proper amount of damages is $3,000 plus $32,000 "additional" damages as awarded by the jury for a total of $35,000.

 The judgment of the trial court is modified by awarding DTPA damages in the amount of $35,000, as well as exemplary damages and attorney's fees as shown by the judgment of the trial court. In addition, we order a remittitur of $225,000, thus reducing the jury's award of exemplary damages to $225,000. If the remittitur is filed within thirty (30) days after the date of the judgment of this court, then judgment is rendered awarding appellees $225,000 as exemplary damages. If the remittitur is not filed with the trial court within thirty (30) days of the judgment of this Court, the cause is ordered remanded for new trial.

### SUPPLEMENTAL OPINION ON THE FILING OF REMITTITUR

This Court has suggested that appellees Ray Reed and Rhonda Reed remit the sum of $225,000 out of the amount awarded to them as set forth in the original opinion of this Court, dated June 13, 1985. The appellees have filed a remittitur in the amount suggested by this Court.

Therefore, in accordance with the opinion of this Court heretofore announced, the judgment of the trial court is REFORMED, and as reformed, AFFIRMED.