**Homer PACE and Joe Bill Pierce d/b/a Pierce, Pace & Associates**

v.

**E.C. GARCIA and E.C. Garcia & Co., Inc. and Midland Title and Mineral, Inc., as a nominal party.**

**No. MO–85–CA–173.**

United States District Court, W.D. Texas, Midland-Odessa Division.

April 3, 1986.

Robert R. Truitt, Jr., Midland, Tex., for plaintiffs.

Gregg Owens, of Bullock, Scott & Neisig, Midland, Tex., for defendants.

## MEMORANDUM OPINION AND ORDER

BUNTON, District Judge.

Defendants move the Court to enter summary judgment, pursuant to Rule 56, Federal Rules of Civil Procedure, on the claims asserted against them by the Plaintiff. After reviewing the motion and exhibits attached thereto, as well as the response of the Plaintiff, the Court is of the opinion that the motion is meritorious and should be, and it is hereby, GRANTED in part.

### I.

Plaintiff initiated this action for breach of contract based on the alleged failure of E.C. GARCIA & COMPANY, INC. (the "COMPANY") to close under a Purchase Agreement (the "Agreement") pertaining to five apartment complexes. The Agreement provides, *inter alia,* that the parties were to use "best efforts" and "due diligence" to obtain consent from lenders under the existing mortgages for transfer of the properties and assumption of the notes. The Agreement imposes no requirement of good faith on the parties.

During negotiations, MR. PACE advised representatives of the COMPANY that he would prepare all forms and applications necessary for lender approval. In particular, MR. PACE promised to prepare the application package for the transfer of the Arrangement Apartments which was required by the project's loan guarantor, the Department of Housing and Urban Development ("HUD")—HUD consent to allow transfer of title and possession of the Arrangement Apartments to the COMPANY. Consequently, the closing was never effectuated.

### II.

Defendants' motion for summary judgment contends as follows:

1. E.C. GARCIA ("GARCIA") has no personal liability because he was not a party to the Agreement on an individual basis. Further, GARCIA contends that at no time relevant to the claims of the Plaintiff did he ever act outside the scope of his corporate authority and that his actions in regard to the Agreement were limited to those of a corporate officer. GARCIA denies being an alter ego of the COMPANY;

2. Texas law does not recognize an implied covenant of good faith in a contract for the sale of real property;

3. The HUD approval for closing in escrow was insufficient to allow Plaintiff to transfer physical possession, title, managerial control or economic benefit to the COMPANY and, as a result, the Plaintiff breached the Agreement;

4. Strictly in the alternative, should the Court find a remaining cause of action, it is between the Plaintiff and the COMPANY for the latter's failure to exercise its option under the Agreement and that the Agreement limits the Plaintiff's recovery to $50,-000.

The Plaintiff responds to the Defendants' contentions in support of its summary judgment motion as follows:

1. The Agreement is not an option contract; and

2. In addition to asserting a cause of action for breach of contract, there is an additional cause of action for breach of the implied covenant of good faith which underlies the contract.

### III.

In passing upon such motions, the Court is guided by *Fontenot v. Upjohn Co.*, 780 F.2d 1190 (5th Cir.1986), wherein the Court of Appeals stated:

> The crucial question for the Court is whether there is a 'genuine issue' of fact concerning any essential element of the claim on which judgment is being sought. If the moving party can show that there is no evidence whatsoever to establish one or more essential elements of a claim on which the opposing party has the burden of proof, trial would be a bootless exercise, fated for an inevitable result but at continued expense for the parties, the preemption of a trial date that might have been used for other litigants waiting impatiently in the judicial queue, and a burden on the court and the taxpayers.

*Id.* at 1195. Further, "[t]he party opposing a motion supported by affidavits cannot discharge his burden by alleging legal conclusions." *Id.*

### IV.

It is clear to the Court through the evidence filed in support of the motion for summary judgment that at all times relevant to the claims of the Plaintiff, GARCIA was neither an alter ego of the COMPANY nor acting in any capacity other than that of an officer. GARCIA individually was not a party to the Agreement. "General corporation law is clear that personal liability for a corporation's [acts] cannot be imposed on a person merely because he is an officer ..." *Musikiwamba v. ESSI, Inc.*, 760 F.2d 740, 753 (7th Cir.1985) (citations omitted). Rather, "[p]ersonal liability is imposed only when the officer is alleged to have taken part in the *illegal act* initially giving rise to the corporation's liability." *Id.* (emphasis in original). This is the law of Texas as well. *William B. Roberts, Inc. v. McDrilling Company*, 579 S.W.2d 335, 345 (Tex.Civ.App.—Corpus Christi 1979, no writ). Absent any allegations that GARCIA at any time disregarded the corporate entity, GARCIA cannot be personally liable for any act or actions of the COMPANY. The Plaintiff has failed to come forward with any evidence to the contrary.

As stated, Plaintiff also seeks to establish personal liability on the part of GARCIA for an alleged tortious interference with its contractual rights. In order to maintain such a cause of action, Plaintiff must establish that:

1. There was a contract subject to interference;

2. The act of interference was willful and intentional;

3. Such intentional act was a proximate cause of Plaintiff's damage; and

4. Actual damage or loss occurred.

*Armendariz v. Mora*, 553 S.W.2d 400, 404 (Tex.Civ.App.—El Paso 1977, writ ref'd n.r.e.).

> Interference with another's business relations with a *third party* is actionable only if the interference is motivated by malice and no useful purpose of the inducing party is subserved.

*State National Bank v. Farah Mfg. Company,* 678 S.W.2d 661, 688 (Tex.App.—El Paso 1984, writ dism'd) (citations omitted) (emphasis supplied). All actions taken by GARCIA regarding the Agreement involved those undertaken in his capacity as president. As such, GARCIA acted not as a third party but rather as an agent of the COMPANY. The Court, accordingly, agrees with GARCIA that Plaintiff cannot establish a cause of action for tortious interference. Because the Court finds that the facts as established through the summary judgment evidence, uncontroverted by the Plaintiff, precludes the assertion of this claim, it is unnecessary to address GARCIA's contention that the Plaintiff has failed to produce any evidence of the requisite element of malice. *See Sakowitz, Inc. v. Steck,* 669 S.W.2d 105, 107 (Tex.1984); *Martin v. Phillips Petroleum Company,* 455 S.W.2d 429, 435 (Tex.Civ.App.—Houston [14th Dist.] 1970, no writ).

▮ Likewise, the Court disposes of Plaintiff's claim for punitive damages. Having determined that Plaintiff cannot make out a cause of action for tortious interference, Plaintiff is left with a cause of action for breach of contract. It is well settled that punitive damages are not allowed for breach of contract, "even if the breach is malicious, intentional or capricious...." *Amoco Production Company v. Alexander,* 622 S.W.2d 563, 571 (Tex. 1981).

### V.

The Plaintiff alleges that the Defendants owed it a duty of good faith to close under the Agreement. For the reasons previously stated, Plaintiff cannot prevail on this claim against GARCIA in his individual capacity. The Court proceeds with an examination of the claim as to the COMPANY.

The Texas Supreme Court has stated:

A basis for the judgment below was the adoption of a novel theory of law ennunciated only by California courts. That theory holds that in every contract there is an implied covenant that neither party will do anything which injures the right of the other to receive the benefits of the agreement. The courts below called this a covenant of 'good faith and fair dealing.'

This concept is contrary to our well reasoned and long established adversary system which has served us ably in Texas for almost 150 years.... To adopt a laudatory sounding theory of good faith and fair dealing would place a party under the onerous threat of treble damages should he seek to compel his adversary to perform according to settled rules and let each case be decided upon what might seem 'fair and in good faith,' by each fact finder. This we are unwilling to do.

*English v. Fischer,* 660 S.W.2d 521, 522 (Tex.1983).

Further, the Court noted:

I would note however that Texas court have read a duty of good faith and fair dealing into many types of contractually based transactions. The common thread among the cases in which courts have done so is a *special relationship* between the parties to the contract. That special relationship either arises from the element of trust necessary to accomplish the goals of the under taking, or has been imposed by the courts because of an imbalance of bargaining power.

*Id.* at 524 (Spears, J., concurring) (emphasis supplied).

Likewise, Judge Sanders has rejected a claim of breach of implied covenant of good faith in *Thompson v. M & B Construction Corporation,* 585 F.Supp. 561, 563 (N.D. Tex.1984), citing *Fischer.*

The Court is of the opinion that there exists no implied duty of good faith on the part of any of the parties hereto. Plaintiff's remaining claim is that the Defendants breached the agreement by their failure to close. The Defendants claim that they were under no duty to close because the Agreement is an option contract rather than a contract of sale. In support of their contention, Defendants assert that as a matter of law the COMPANY's damages are limited to $50,000.00. The Agreement provides in relevant part:

Both parties agree that in the event Purchaser breaches or becomes in default

under this Agreement prior to the closing it will be extremely difficult and impractical to determine the full extent of seller's detriment and, consequently, the parties agree that seller's sole remedy in such event shall be to cancel and terminate this Agreement and, in addition, to receive from the Escrow Agent and retain all of the earnest money as liquidated damages, said sum being specifically agreed herein to be in lieu of any other monetary relief which seller might otherwise be entitled to recover from purchaser by virtue of the provisions of this Agreement or by operation of law.

Defendants cite a long line of Texas cases which hold that when a purchase agreement concerning real property contains such a provision, the agreement is characterized as an option contract rather than a bilateral contract of sale. For example, in *Broady v. Mitchell,* 572 S.W.2d 36 (Tex. Civ.App.—Houston [1st Dist.] 1978, writ ref'd n.r.e.), the Houston Court of Appeals stated:

> The earnest money agreement provides that if the purchaser fails to complete the sale for reasons other than the seller's default, the seller 'shall retain the earnest money heretofore paid as liquidated damages, and this agreement shall be null and void and all obligations hereunder imposed upon either party shall cease and terminate.' Since the seller's only contractual remedy in the event of the purchaser's default was the retention of the earnest money the agreement did constitute an option rather than a bilateral agreement for the sale and purchase of land.

*Id.* at 40, citing *Smith v. Hues,* 540 S.W.2d 485 (Tex.Civ.App.—Houston [14th Dist.] 1976, writ ref'd n.r.e.); *see also Paramount Fire Insurance Co. v. Aetna Casualty Surety Co.,* 163 Tex. 250, 353 S.W.2d 841 (1962), *Moss & Raley v. Wren,* 102 Tex. 567, 120 S.W. 847 (Tex.1909); *Gala Homes, Inc. v. Fritz,* 393 S.W.2d 409 (Tex.Civ.App.—Waco 1965, writ ref'd n.r.e.); *Tabor v. Ragle,* 526 S.W.2d 670 (Tex.Civ.App.—Ft. Worth 1975, writ ref'd n.r.e.); *John Dull & Co. v. Life of Nebraska Insurance Co.,* 642

S.W.2d 1 (Tex.Civ.App.—Houston [1st Dist.] 1981, writ ref'd n.r.e.).

Plaintiff claims that the Agreement is not an option contract but rather a contract of sale for real estate. Plaintiff relies on *State of Texas v. Clevenger,* 384 S.W.2d 207 (Tex.Civ.App.—Houston 1964, writ ref'd n.r.e.). There, the court stated:

> In the instant case the contract of sale was not just an option. The signatories to such contract in the utmost good faith entered into a valid and binding agreement for the sale and purchase of the land in question which the 'Seller has this day sold to Buyer.' The fact that the contract provided that if the buyer failed, refused or was unable to consummate the contract the $5,000.00 down payment which was deposited in escrow as part of the purchase money would be forfeited as liquidated damages, did not convert such contract of sale into a mere option. Here there was a willing seller and a willing buyer who mutually obligated themselves respectively to sell and buy at a price and upon terms specifically agreed upon. Nothing but the final consummation thereof remained to be done. It is our view that the contract of sale meets the standards suggested in the authorities referred to in the opinion of our Supreme Court in *State v. Oakley,* 1962, 163 Tex. 463, 356 S.W.2d 909.

*Id.* at 210.

Defendants assert that *Clevenger* is "obviously distinguishable" from the case before the Court. Defendants contend that in *Clevenger,* the agreement was a definitive contract for sale—that the language specifies that the buyer and seller had agreed to all contingencies and that only the consummation of the sale remained.

■ Certainly, the Agreement made the basis of this suit has traits in common with those contained in cases cited by both Plaintiff and Defendants. However, because the Agreement provides that the only contractual remedy in the event of default is the retention of the earnest money, the Court concludes that the Agreement is an option contract rather than a

bilateral contract of sale. The contract in *Clevenger* clearly states that "Seller has this day sold to Buyer" and, unlike the Agreement here, nothing but the final consummation remained to be done.

## V.

In summary, the Court is of the opinion that this cause is an appropriate one for entry of summary judgment. The Court notes that the remaining issue of breach of the Agreement remains to be tried before a fact finder. This shall be tried to a jury the week of April 7, 1986 in accordance with the previous notice of setting received by counsel. The issue in said proceeding shall be which party, if any, breached the Agreement and if there existed a justifiable excuse therefor. Damages shall not exceed $50,000, being the amount of earnest money to which the Court finds the Agreement limits any recovery. Upon receipt of a jury verdict on these issues the Court shall prepare a final judgment.

IT IS SO ORDERED.